IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA MERCADO ALVARADO<br>PLAINTIFF<br>VS.<br><br>COLEGIO SAN ANTONIO<br>DEFENDANT | CIVIL NO.: 11-2043<br><br><br><br>JURY TRIAL IS REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, by and through the undersigned attorney and very respectfully States, Alleges and Prays as follows:

**I.   NATURE OF THE ACTION**

1. This is an action brought by plaintiff, Ms. Hilda Mercado Alvarado, from hereinafter "Mercado", against her former employer, Colegio San Antonio from hereinafter "defendant" or "CSA", for discrimination by reason of age, retaliation due to plaintiff's opposition against defendant's unlawful employment practices, and the violation of her civil rights.

2. The plaintiff brings this action to remedy the depravation of rights secured to her, under the constitutions and laws of Puerto Rico and of the United States of America.

3. Mercado alleges, in synthesis, that she was harassed, discriminated and discharged, due to her age and for retaliation, due to her opposition and participation against defendant's unlawful employment practices. These practices are prohibited by the constitutions and laws of the Commonwealth of Puerto Rico, as well as of the United States of America.

4. The plaintiff alleges that she suffered damages as a result of defendant's actions.

5. The plaintiff requests this Honorable Court, among other things, for compensation for

her economic damages, as well as for her mental anguish and sufferings.

## II. JURISDICTION

1. The jurisdiction of this Honorable Court in invoked pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C., sec. 621 et. seq., from hereinafter "ADEA". The plaintiff also invokes this Honorable Court supplemental jurisdiction, pursuant to 28 U.S.C. sec. 1367, 29 L.P.R.A. sec., 185 (a) et. seq.; Law 80 of May 33, 1976, as amended; and Law 100 of June 30, 1959, as amended, 29 L.P.R.A. sec., 146 et. seq.

2. All conditions precedent to jurisdiction under ADEA, have been complied with.

3. The plaintiff is citizen of the Commonwealth of Puerto Rico.

4. This action involves a sum in excess of $75,000.00, exclusive of interest and cost.

5. This is the proper venue to bring this action since the facts relating to the cause of action arose in this District.

## III. PARTIES

6. Mercado is a female, 49 years old, single and resident of the Commonwealth of Puerto Rico.

7. The defendant is a company and/or entity, authorized to do and doing business in the Commonwealth of Puerto Rico, and have continuously employed in excess of 20 persons at all relevant times. At all times, the defendant has been an "employer", as defined by all the laws invoked in the Complaint.

## IV. STATEMENT OF CLAIM

8. Mercado started working for the defendant in the year 2000, as a full time maintenance employee.

9. Mercado, at all times, performed her functions and duties in an excellent way. She

never received any warnings, nor was ever disciplined by any of her supervisors.

10. However, and notwithstanding the aforementioned, the defendant started a harassment and discrimination campaign against the plaintiff, due to her age and, later on, due to her opposition to defendant's unlawful employment practices.

11. Among defendant's harassing and discriminatory actions and omissions against Mercado, were the following:

12. The defendant drastically increased Mercado's functions and duties, demanding results within an impossible time frame and constantly threatening her with disciplinary actions if she did not perform the functions and duties assigned to her.

13. The defendant also, notwithstanding having increased plaintiff's functions and duties, eliminated the supporting personnel that were assigned to her before.

14. The defendant also assigned Mercado to the worst working shifts, while the younger employees had much better working terms and conditions.

15. Defendant's officers constantly made discriminatory and derogatory comments and remarks to the plaintiff because of her age, and later on, because of her opposition against defendant's unlawful employment practices.

16. Defendant's officers constantly tell the plaintiff that she was old and that she must resigned.

17. The defendant also threatened the plaintiff with disciplinary actions against her for totally false and unjustified reasons.

18. The defendant also reduced plaintiff's working shift and assigned more hours to the younger employees, with less seniority than the plaintiff.

19. Due to all the aforementioned, Mercado complained to defendants' officers, regarding

the fact that she was being harassed and discriminated, due to her age, nevertheless and notwithstanding Mercado's complaints, the defendant never took any action whatsoever, and thus, the harassment and discrimination against the plaintiff continued, up until the day of her involuntary resignation.

20. Even worst, due to plaintiff's complaints, the defendant increased its harassment against the plaintiff. Defendant's officers constantly told the plaintiff that they were to take disciplinary actions against her due to her complaints.

21. Due to defendant's failure to take any corrective or remedial action regarding plaintiff's discrimination and harassment complaint, Mercado was forced to resign on August 3, 2010.

22. The defendant has started a harassment and discrimination campaign against all its employees that were also over the protected age in an effort to get rid of them and substitute them for younger employees.

23. Defendant has, by the use of neutral employment practices and on other occasions by the use of excessively subjective standards, cause a significant adverse impact upon employees over the protected age, as well as upon those who oppose defendant's unlawful discriminatory employment practices and policies.

24. As a result of the events described herein, Mercado has suffered considerable damages, including loss of compensation for her work, significant emotional and physical sufferings, loss of self-esteem as well as an affront to her dignity as a human being.

25. At the time the plaintiff was harassed and discriminated by defendant, the defendant was fully aware of the provisions of the Civil Rights Act and the Age Discrimination in Employment Act. Defendant acted willfully and with reckless disregard of the law, solely because of plaintiff's age and opposition to defendant's unlawful practices. The harassment and discrimination against Mercado

constitute a willful violation of ADEA, and as such, entitles the plaintiff to recover double and compensatory damages.

## V.    FIRST CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute illegal discrimination because of plaintiff's age and retaliation due to her opposition against defendant's unlawful employment actions, in violation of the laws of the Commonwealth of Puerto Rico, as well as a violation of the laws of the United States of America.

## VI.   SECOND CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute discrimination for reason of Mercado's age, in violation of the ADEA, supra, and Law Num. 100, supra.

## VII.  THIRD CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute an unjust dismissal in violation of Law Num. 80, supra.

## IX.   RELIEF

**WHEREFORE,** the plaintiff prays this Honorable Court:

1. Enter a declaratory judgment against defendant and find it in violation of the Constitutions and laws of the United States of America and the Commonwealth of Puerto Rico.

2. Order the defendant to make the plaintiff whole by ordering damages for loss of income, back pay and front pay, and loss of benefits in an amount not less than $400,000.00.

3. Award the plaintiff damages in an amount not less than $300,000.00, for mental

anguish, mental and emotional sufferings, and distress.

4. Award the plaintiff compensatory damages caused as a result of the illegal acts in an amount not less than $300,000.00.

5. Award the plaintiff punitive damages and double damages.

6. Award the plaintiff the cost of her action, together with reasonable attorney's fees.

7. Award the plaintiff pre judgment interest.

8. Reinstatement.

9. Grant the plaintiff such other relief as this Honorable Court deems appropriate and proper.

**A JURY TRIAL IS HEREBY REQUESTED**.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 19th day of October of 2011.

*s:/ANIBAL ESCANELLAS RIVERA*
**U.S.D.C. #208908**
**ESCANELLAS & JUAN, P.S.C.**
204 Domenech Ave.
Hato Rey, PR 00918
Tel. (787) 758-3000 / Fax 250-1111
Email: escanellas@prtc.net